# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Roosevelt Erving,                                       Case No. 26-CV-0220 (ECT/SGE)

     Petitioner,

v.                                                                **REPORT AND RECOMMENDATION**

Jared Rardin, Warden,

     Respondent.

Petitioner Roosevelt Erving is serving a very lengthy sentence in federal prison after robbing several banks by force or violence. *See United States v. Erving*, No. 4:05-CR-3002 (RGK/DLP) (D. Neb.). As part of the judgment in that case, Erving was required to pay a total of $443,912.34 in restitution to the various banks that he robbed. *See id.* The twentieth anniversary of the criminal judgment passed a few weeks ago. Citing 18 U.S.C. § 3613(b), Erving argues that his restitution obligation has now expired, and he petitions for a writ of habeas corpus, asking that the Court pronounce that he no longer owes that money.

Erving's habeas petition is now before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Because Erving is very plainly not entitled to relief, it is recommended that his petition be denied and that this case dismissed.

---

[1] Erving's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

Section 3613(b) states, in relevant part, that "[t]he liability to pay restitution shall terminate on the date that is the *later* of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution" (emphasis added). Erving is now twenty years beyond the date that judgment was entered in his criminal case, but he is not twenty years beyond his release from imprisonment. Indeed, that twenty-year clock has not yet begun to tick, as Erving today remains in prison as a result of the offenses for which restitution was ordered. Section 3613(b) expressly terminates restitution obligations at the *later* of the two dates referenced. Because the later date—"20 years after the release from imprisonment of the person ordered to pay restitution"—has not yet passed, Erving remains subject to his restitution obligation.

There are also other reasons Erving's habeas petition would likely need to be denied. For one thing, it is exceedingly doubtful that claims regarding restitution obligations can be raised through habeas corpus at all, as such a claim in "no way challenges [the prisoner's] custody." *Satterfield v. Scibana*, 275 F. App'x 808, 810 (10th Cir. 2008). For another thing, Erving does not appear to have presented his claim to the Federal Bureau of Prisons prior to seeking habeas relief.[2] *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) (requiring federal prisoners to administratively exhaust claims before seeking habeas relief). But these further justifications for dismissal would be unnecessary. Section 3613(b) does not say what Erving thinks it says. Under the plain text of that statute,

---

[2] Erving asserts—and provides evidence supporting his assertion—that he exhausted a *different* claim for relief three years ago, *see* Petition at 3 [Dkt. 1], but there is no reason to believe that he has ever administratively exhausted any claim for relief referencing § 3613(b).

Erving remains responsible for the restitution obligation imposed upon him. Erving's habeas petition should be denied accordingly.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.    The petition for a writ of habeas corpus of petitioner Roosevelt Erving [Dkt. 1] be **DENIED**.

2.    This matter be **DISMISSED**.

Dated: January 26, 2026                     *s/Shannon G. Elkins*
                                            Shannon G. Elkins
                                            United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).